UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

Larry James Tyler, *a/k/a Larry James Tyler,* ) C/A No.: 4:17-1251-MGL-BM
)
Plaintiff, )
) **REPORT AND RECOMMENDATION**
vs. )
)
James Bogle, Sr., *Esq.*; James K. Falk, )
)
Defendants. )
)

This is a civil action filed by the Plaintiff, Larry James Tyler, pro se. Plaintiff, a frequent filer of litigation in this Court,[1] is currently detained at the Darlington County Detention Center (DCDC), where he is awaiting civil commitment proceedings pursuant to the South Carolina Sexually Violent Predator Act (SVPA), S.C. Code Ann. §§ 44-48-10 through 44-48-170. See Complaint, ECF No. 1 at 5, 17; see also Tyler v. Byrd, No. 4:16-00400-MGL-BM, 2016 WL 4414834, at * 1 (D.S.C. Jul. 27, 2016), adopted by 2016 WL 4374982 (D.S.C. Aug. 16, 2016).[2]

Under established local procedure in this judicial district, a careful review was made of the pro se complaint herein pursuant to the procedural provisions of § 1915 and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319

---

[1]Plaintiff has filed over twenty (20) civil actions in this Court over the past few years. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].

[2]A district court may take judicial notice of materials in the court's own files from prior proceedings. See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992) [holding that the district court had the right to take judicial notice of a prior related proceeding]; see also Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949).



1

(1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983). See 28 U.S.C. § 1915(e)(2)(B); In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir.1997)[pleadings by non-prisoners should also be screened]. Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319.

Further, while this Court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990). Here, after review of Plaintiff's Complaint pursuant to this standard, the undersigned issued a Report and Recommendation on July 25, 2017 recommending summary dismissal of the Complaint without prejudice. However, after Plaintiff filed objections, the Court ruled, out of an abundance of caution, that Plaintiff's statement in his objections that "the Attorney General is the proper name to use to represent the State of South Carolina" would be construed as



2

a motion by Plaintiff to amend his Complaint. The Court therefore ordered Plaintiff to file an Amended Complaint with the Clerk by no later than Friday, September 8, 2017, and recommitted the matter to the undersigned for further consideration. See Court Docket No. 12. See, e.g., Brockington v. South Carolina Dep't of Soc. Servs., No. 17-1028, 2017 WL 1531633 (4th Cir. 2017)[Noting that pro se Plaintiff should be provided an opportunity to amend his complaint to cure defects prior to a dismissal]; Evans v. Richardson, No. 17-1144, 2017 WL 2294447 (4th Cir. May 25, 2017)[same]; Breyan v. All Medical Staff, No. 17-6186, 2017 WL 2365232 (4th Cir. May 31, 2017)[same].

The time for Plaintiff to have filed his Amended Complaint has now expired, with no Amended Complaint having been filed. Therefore, for the reasons previously set forth in the Report and Recommendation issued July 25, 2017, it remains the recommendation of the undersigned that this case be dismissed. Further, as is more fully discussed hereinbelow, even if Plaintiff had amended his Complaint to substitute the Attorney General of South Carolina as the party Defendant in this case, replacing the Defendant James Bogle, and after consideration of the arguments Plaintiff makes in his objections filed to the original Report and Recommendation, summary dismissal is still the appropriate ruling by the Court.

**Plaintiff's Allegations**

Plaintiff alleges that his substantive and procedural due process rights have been violated. Complaint, ECF No. 1 at 4. His allegations arise out of a probable cause hearing, as to his SVP proceedings, that was held on October 26, 2015. Plaintiff claims that the probable cause hearing was illegal because he did not receive advance notice of the hearing, the prosecutor impermissibly brought up a prior conviction from another state that was eighteen years old and was



an unrelated non-violent crime (the prosecutor allegedly said that the crime was one that is classified as violent in South Carolina), and that he does not have enough convictions to be eligible for SVP evaluation. Plaintiff also asserts that his attorney, Defendant James K. Falk, was ineffective because Falk failed to make any comments or defend the Plaintiff. ECF No. 1 at 5-7. Plaintiff seeks declaratory and injunctive relief (including release from detention) as well as monetary damages. Id. at 8.

**Discussion**

Initially, as was noted in the original Report and Recommendation, Plaintiff's claims for monetary damages are subject to summary dismissal based on the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994).[3] In Heck, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of a sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck, 512 U.S. at 486-487. Heck bars both a claim that the plaintiff was being held past his mandatory parole release date as to his state convictions as well as his civil confinement pending assessment as a SVP.[4] Cf. Huff v. Attorney General of Va., No. 3:07cv744, 2008 WL 4065544 (E.D.Va. Aug. 26, 2008),

---

[3]In his objections filed to the original Report and Recommendation, Plaintiff seems to indicate that he may only be seeking injunctive and/or declaratory relief, although that is unclear since he also references having a right to at least nominal damages. In any event, since Plaintiff never filed an Amended Complaint, and as his current Complaint seeks monetary damages, the discussion from the original Report and Recommendation set forth herein relating to the applicability of Heck continues to apply.

[4]In his objections, Plaintiff argues that he is not challenging his conviction. Rather, he is challenging "South Carolina's laws and procedural standards" that make him eligible for confinement pursuant to the SVPA. However, as is discussed hereinabove, Heck applies to SVPA proceedings and orders.



4

aff'd, 323 F. App'x 293 (4th Cir. 2009); see also Haynesworth v. Cothran, C/A No. 2:12–2466–CMC-BHH, 2012 WL 4753896, at *2 (D.S.C. Sep.27, 2012) [Heck applies to civil-rights challenges to SVP orders], adopted by, 2012 WL 4753893 (Oct. 4, 2012); Wood v. Wood El, No. Civ.A. 05-1447 RBK, 2005 WL 1899335, at *4 (D.N.J. Aug.5, 2005) [rejecting a § 1983 challenge to an involuntary civil commitment because the involuntary commitment had not been invalidated as required by Heck].

Heck also acts to bar Plaintiff's claims for injunctive and declaratory relief.[5] See Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005) ["[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit ...—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."]; Mobley v. Tompkins, 473 F. App'x 337 (4th Cir. 2012)[applying Heck in a civil action seeking damages and injunctive relief relating to federal convictions] (citing Heck at 586–87; Harvey v. Horan, 278 F.3d 370, 375 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 562 U.S. 521 (2011)).

Moreover, even if Plaintiff's claims are not barred by Heck, federal courts are not authorized to interfere with a State's pending criminal proceedings absent extraordinary circumstances.[6] See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Cinema Blue of Charlotte, Inc.

---

[5]As noted, supra, even if Plaintiff has intended to drop his claims for monetary damages, the objections he filed to the previous Report and Recommendation make clear that he is still seeking injunctive and/or declaratory relief.

[6]The analysis on this issue as was set forth in the original Report and Recommendation continues to apply, as Plaintiff continues to seek this relief. In his objections, Plaintiff states that he "wants this Court to review all the issues and claims the state alleges that he does (sic) qualify to be civilly evaluated", arguing that the State has committed "plain error" in its rulings and proceedings.



v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989). The Fourth Circuit has held that the Younger abstention doctrine applies "to noncriminal judicial proceedings when important state interests are involved." Harper v. Public Serv. Comm'n of W. Va., 396 F.3d 348, 351 (4th Cir. 2005)[property law concerns] (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). The South Carolina Supreme Court has upheld the SVPA and its procedures as a constitutionally valid exercise of the State's power to protect its citizens from sexually violent predators; In re: Luckabaugh, 568 S.E.2d 338, 348 (S.C. 2002); and the Court of Appeals of South Carolina has stated that protecting minors from sexual predators is an important state interest. See State v. Reid, 679 S.E.2d 194, 201 n. 6 (S.C.Ct.App. 2009)[discussing South Carolina's important public policy of protecting minors from harm in the context of an internet solicitation of a minor case]. Other circuits have also applied Younger to pending civil commitment proceedings. See Sweeney v. Bartow, 612 F.3d 571, 572 (7th Cir. 2010)["The principles of Younger are applicable to habeas petitions from pending [Wisconsin] sexually violent person commitments."]; Smith v. Plummer, 458 F. App'x 642, 643 (9th Cir. 2011)[Younger doctrine extends to state civil judicial proceedings where there is an ongoing state-initiated judicial proceeding, the proceeding implicates important state interests, the federal litigant is not barred from litigating federal constitutional issues in the state proceeding, and federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere in a way that Younger disapproves].

In Cinema Blue of Charlotte, Inc., the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Id. at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283,



expressly prohibits this court from enjoining such proceedings.  See Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc)["Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."]; cf. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)[federal courts cannot review state court proceeding in appellate sense]; Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969)[federal courts may not issue writs of mandamus against state courts].

Additionally, to the extent Plaintiff is requesting release from custody, such relief may only be obtained in a habeas action, not in a § 1983 case.[7]  In Heck, the Fourth Court reiterated that release from prison is not a remedy available under 42 U.S.C. § 1983.  Heck, 512 U.S. at 481 [stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"].  Therefore, if Plaintiff wishes to challenge the duration of his confinement, he should obtain habeas forms from the Clerk of Court and file a separate action, after he has fully exhausted his state court remedies.

Finally, Plaintiff has also improperly named the two Defendants in this case.  Plaintiff's claims against Defendant Bogle (the prosecutor in his State proceeding) involve the

---

[7]Plaintiff argues in his objections that he is not challenging "custody" in this case, as he has already been released from custody for his criminal convictions.  However, the fact remains that Plaintiff is challenging, in his current pleading, his continuing detention by the State for SVP proceedings.  Therefore, he is still challenging the fact or duration of his confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)[complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983].

7



prosecution of his criminal cases. As such, Defendant Bogle is protected from Plaintiff's claims for damages by prosecutorial immunity. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)[absolute immunity "is an immunity from suit rather than a mere defense to liability"]; see also Bernard v. County of Suffolk, 356 F.3d 495, 502 (2d Cir. 2004)[immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and are clearly associated with the judicial process]. Prosecutors have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. See Van de Kamp v. Goldstein, 555 U.S. 335, 341-343 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. Id. at 343; see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller–Burnside, 208 F.3d 467 (4th Cir. 2000).

Even if Plaintiff had amended his Complaint to substitute the Attorney General of South Carolina for the Defendant Bogle, prosecutorial immunity would still apply. The Attorney General[8] is entitled to prosecutorial immunity from liability for damages for activities intimately associated with the judicial phase of the criminal process. See Williams v. Condon, 553 S.E.2d 496, 509 (S.C.Ct.App. 2001); see also Hendricks v. Bogle, 3:13-CV-2733-DCN, 2013 WL 6183982, at *2 (D.S.C. Nov. 25, 2013)["In South Carolina, the Attorney General and his assistants function as prosecutors in criminal appeals, post-conviction relief actions, and in proceedings under the SVPA....[The Attorney General has] absolute immunity for [his] prosecution-related activities in or

---

[8]In South Carolina, the South Carolina Attorney General is the chief prosecuting officer of the State of South Carolina. See S.C. Const. art. V, § 24.

8



connected with judicial proceedings."]; Garrett v. McMaster, 7:07–2952–HFF–WMC, 2008 WL 3411673 (D.S.C.Aug.11, 2008)[finding that the Attorney General and a former Assistant Attorney General had prosecutorial immunity for conduct related to presenting the State's case].

As for Plaintiff's defense attorney, Defendant Falk is entitled to summary dismissal as a Defendant because an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, a prerequisite for a suit filed under § 1983.[9] Plaintiff has alleged no facts to indicate that Defendant Falk acted under color of state law in his representation of the Plaintiff, either in his Complaint or in his objections filed to the original Report and Recommendation. See Vermont v. Brillon, 556 U.S. 81, 91 (2009) [noting that a publicly assigned or privately retained counsel for a criminal defendant is not ordinarily considered a state actor]; Polk Cnty. v. Dodson, 454 U.S. 312, 317-324 nn. 8-16 (1981)["A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."]; Hall v. Quillen, 631 F.2d 1154, 1155–1156 & nn. 2–3 (4th Cir. 1980)[court-appointed attorney]; Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)[private attorney]. Therefore, Falk is entitled to dismissal as a party Defendant.

**Recommendation**

Plaintiff failed to comply with the Court's Order to file an Amended Complaint. See Brockington, 2017 WL 1531633 [Noting that pro se Plaintiff should be provided an opportunity to amend his complaint to cure defects prior to a dismissal]. Based on the foregoing, it is recommended

---

[9]In order to state a cause of action under § 1983, a plaintiff must allege that: (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state or [federal] law." Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also 42 U.S.C. § 1983; Monroe v. Pape, 365 U.S. 167 (1961).



that the Court **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

September 20, 2017
Charleston, South Carolina



10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).