

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| LARRY JAMES TYLER,<br>　　Plaintiff, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 4:17-01251-MGL |
| | § | |
| JAMES BOGLE, SR., ESQ., and<br>JAMES K. FALK<br>　　Defendants. | §<br>§<br>§ | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION, AND DISMISSING PLAINTIFF'S COMPLAINT

This case was filed as an action under 42 U.S.C. § 1983. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the

Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff filed his Complaint on May 15, 2017. ECF No. 1. On July 25, 2017, the Magistrate Judge issued a first Report recommending the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process. ECF No. 9. Plaintiff filed objections. ECF No. 11. In an abundance of caution, the Court construed one of Plaintiff's objections as a motion for leave to amend the complaint to change the Defendants. ECF No. 12. The Court thus vacated the Magistrate Judge's July 25, 2017 Report, directed Plaintiff to file his amended complaint no later than September 8, 2017, and remanded the case to the Magistrate Judge. *Id.* Plaintiff failed to file an amended complaint.

The Magistrate Judge filed the instant Report on September 20, 2017, ECF No. 19, and the Clerk of Court entered Plaintiff's objections to the Report on October 2, 2017, ECF No. 21. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff first objects his § 1983 proceeding would not necessarily invalidate his confinement or duration, so *Heck v. Humphrey*, 512 U.S. 477 (1994), does not bar his claim for monetary damages, and the collateral order doctrine allows him an immediate appeal from the underlying State proceedings. Plaintiff also claims because he is challenging the constitutionality of his State court proceedings, not the validity or duration of his confinement, *Heck* does not bar his claims for declaratory or injunctive relief. The Magistrate Judge suggested *Heck* barred Plaintiff's claims for monetary damages, declaratory relief, and injunctive relief.

Plaintiff's objection fails for two reasons. First, a state prisoner is barred from bringing

claims under § 1983 when the success of his § 1983 action necessarily implies his underlying conviction or sentence is invalid unless the underlying conviction or sentence has been previously invalidated. *Heck*, 512 U.S. at 486-87 (barring claims for monetary damages), *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (indicating that the same bar applies to § 1983 actions whether they seek damages or equitable relief). Plaintiff, who is currently detained at the Darlington County Detention Center awaiting civil commitment proceedings under the South Carolina Sexually Violent Predator Act (SVPA), challenges the validity of a probable cause hearing held in connection with his SVPA proceedings. For Plaintiff to succeed on his § 1983 claim, he must show that a person acting under color of state law deprived him of a federal right. 42 U.S.C. § 1983. Success on that claim would necessarily imply Plaintiff's underlying conviction or sentence was invalid, and Plaintiff has failed to show his sentence or conviction was previously invalidated. Thus, *Heck* bars his claims.

Second, the collateral order doctrine allows the appeal of certain non-final rulings. *See, e.g., Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106-07 (2009) (citations omitted). Plaintiff, however, does not seek an appeal of his underlying State court proceeding. Rather, he filed a § 1983 action. Thus, the collateral order doctrine does not apply. On that basis, the Court will overrule Plaintiff's objection regarding his claims for monetary damages, injunction, and declaratory relief being barred.

Plaintiff next argues that abstention does not apply because his civil commitment is not a criminal proceeding, and there has been a substantial due process violation here. The Magistrate Judge noted that under abstention doctrines, the federal court would abstain from State criminal proceedings absent extraordinary circumstances, and would abstain from constitutional

3

challenges to State judicial proceedings if the federal claims could be presented in the State proceeding. As a preliminary matter, federal courts should abstain from interfering in State criminal prosecutions absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971). Further, federal district courts should not decide constitutional challenges to State judicial proceedings if the federal claims could be raised in the ongoing State proceedings. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) (citing *Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984)). Though civil commitment under the South Carolina SVPA is civil rather than criminal, the *Heck* bar applies to civil rights challenges to the SVPA, like the one at issue here. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (holding *Heck* applies to civilly committed detainees who are confined under California's "Sexually Violent Predators Act"). Additionally, Plaintiff could have brought his constitutional challenge to the underlying State proceeding in that State proceeding. For those reasons, the Court will overrule Plaintiff's objections to the Magistrate Judge's recommendations on abstention.

Plaintiff alleges the Magistrate Judge erred in suggesting Plaintiff requested release from custody. The Magistrate Judge, however, did not state Plaintiff requested release from custody, but merely noted "to the extent Plaintiff is requesting release from custody, such relief may only be obtained in a habeas action, not in a § 1983 case." ECF No. 19 at 7. Because the Magistrate Judge did not state Plaintiff requested release from custody, the Court will overrule Plaintiff's objection on this point.

Plaintiff then argues the Magistrate Judge erred in suggesting Plaintiff improperly brought claims against his defense attorney, James K. Falk. The Magistrate Judge suggested

Falk was entitled to summary dismissal because he did not act under color of state law, and thus is not subject to liability under § 1983. According to Plaintiff, Falk acted under color of state law because he conspired with the State to have Plaintiff civilly committed. "Unlike a prosecutor or the court, [defense] counsel ordinarily is not considered a state actor." *Vt. v. Brillon*, 556 U.S. 81, 91 (2009). A defense attorney may be acting under color of state law, however, where he conspires with state officials to deprive another of his federal rights. *See Tower v. Glover*, 467 U.S. 914, 919-20 (1984) (citations omitted). Although Plaintiff alleges in both his Complaint and his objection that Falk conspired with state officials to violate Plaintiff's civil rights, Plaintiff provides no facts supporting this allegation. For this reason, the Court will overrule Plaintiff's objection regarding the Magistrate Judge's recommendation Falk be dismissed.

Plaintiff avers the Magistrate Judge erred in recommending James Bogle Sr., the prosecutor in Plaintiff's State proceeding, was immune from § 1983 liability under prosecutorial immunity. Plaintiff argues that "state immunity rules do not apply in state court action § 1983." ECF No. 21 at 8. As a preliminary matter, this is not a State court action, but a federal court action. Even assuming-under liberal construction rules--Plaintiff meant to say that state immunity rules do not apply in a federal § 1983 action, his objection still fails for two reasons.

First, the Magistrate Judge based his recommendation on prosecutorial immunity, not state immunity. Second, the law is clear: a prosecutor is immune from liability under § 1983 for those activities "intimately associated with the judicial phase of the criminal process . . . ." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Because the activities Bogle undertook were "intimately associated with the judicial phase" of the proceedings against Plaintiff under South

5

Carolina's SVPA, Bogle is immune from liability under § 1983. Accordingly, the Court will overrule Plaintiff's objection as to the Magistrate Judge's recommendation regarding Bogle.

Finally, Plaintiff alleges he did not fail to comply with the Court's Order directing him to file an amended complaint. Rather, he never received the Order because the mail department at the jail failed to deliver it to him. Plaintiff thus requests the Court send him a new Order to amend his Complaint, and he will substitute John Doe as a Defendant for Bogle until he learns the name of the actual prosecutor at his probable cause hearing. Even if Plaintiff substituted the actual prosecutor, or for that matter, the Attorney General of South Carolina (whom the Court thought Plaintiff originally sought to substitute for Bogle) as a Defendant for Bogle, prosecutorial immunity would protect those prosecutors from § 1983 liability just as it protects Bogle. For that reason, the Court will overrule Plaintiff's objection to the Magistrate Judge's suggestion regarding his failure to comply with the Court's Order.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS.**

**IT IS SO ORDERED**.

Signed this 5th day of October, 2017, in Columbia, South Carolina.

                                            s/ Mary Geiger Lewis
                                            MARY GEIGER LEWIS
                                            UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

     The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.